COBB, Chief Justice
(dissenting).
I respectfully dissent. I do not believe that the trial court’s charge based solely on Alabama’s guest statute, Ala.Code 1975, § 32-1-2, provided the jury with the appropriate information on which to reach a just verdict in this case. I do not advocate federal preemption of the guest statute in favor of 49 C.F.R. § 392.14, nor do I contend that that regulation should give rise to a new cause of action. Rather, I would hold that the contents of that regulation are necessary to the jury’s consideration of whether John Jenkins violated the appropriate standard of care in such a manner as to be a proximate cause of the accident that resulted in Maurine Humphrey’s death. The majority opinion, citing the federal regulations and Ala.Code 1975, § 32-9A-2(a)(l), makes clear that our legislatures, both state and federal, recognize that the operation of a commercial motor vehicle, such as the truck tractor in this case, is the operation of a much larger and more dangerous instrumentality than the usual private automobile. Not surprisingly, because commercial motor vehicles are much more complex and lethal than personal automobiles, the standard of care for operating a commercial motor vehicle is higher than the standard of care for operating a personal automobile. Thus, federal law makes the following requirement of the operator:
*1092 “Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke, adversely affect 'visibility or traction. Speed shall be reduced when such conditions exist. If conditions become sufficiently dangerous, the operation of the commercial motor vehicle shall be discontinued and shall not be resumed until the commercial motor vehicle can be safely operated.”
Negligence always turns on whether the applicable standard of care is breached in the context of the facts and circumstances of the particular ease. Negligence is defined as the “[t]he failure to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation; any conduct that falls below the legal standard established to protect others against unreasonable risk of harm.... ” Black’s Law Dictionary 1061 (8th ed.2004). In the context of this case, achieving the purpose of the guest statute turns on whether Jenkins was operating the tractor negligently, which can be determined only if one knows the prescribed manner in which the tractor was to be operated. That is, I believe that the jury should have been permitted to assess Jenkins’s negligence under the guest statute in light of the standard the law imposed on Jenkins in operating the tractor at the time of the accident. Thus, I would hold that the trial court should have instructed the jury that Jenkins was required by federal law to be operating the tractor with extreme caution at the time of the accident. The trial court’s failure to inform the jury as to what the law required of Jenkins meant that the jury had no proper basis for its verdict, and therefore the judgment entered on that verdict should be reversed.